JANE B. WHEELER, Respondent, v. HENRY S. DUNNING
AND OTHERS, Appellants, AND THE SOUTHERN CENTRAL
RAILROAD COMPANY, Respondent.

*Conveyance — conditions subsequent — what acts of the grantor operate as a waiver
thereof.*

In 1864 one Dunning conveyed certain real estate to an agricultural society by a
deed which contained conditions providing that the grantee should not sell
any separate part of the land; that it should not sell the whole without having
first offered the same to the grantor, his heirs or assigns, at the price which
any other person was willing to pay therefor, and that the grantee should
make and keep a good fence around the land. In January, 1868, Dunning
took a mortgage from the society for the payment of $1,100 in one year. The
mortgage contained a power of sale, but none of the conditions set forth in
the deed. The mortgage was subsequently transferred to the plaintiff, who
brought this action to foreclose it.

*Held,* that the acceptance of the mortgage by the grantor and the assignment
thereof by him were in effect a waiver of performance of the conditions con-
tained in the deed, and that a purchaser under the judgment of foreclosure of
such mortgage would take the land freed from such conditions.

APPEAL from a judgment, entered on the report of a referee.

*S. E. Payne,* for Dunnings, appellants.

*I. D. Teller,* for the plaintiff and respondent.

*F. F. Taber,* for the Southern Central Railroad Company,
defendant and respondents.

SMITH, P. J, :

In March, 1864, Henry S. Dunning and wife conveyed to the
defendant, the Cayuga County Agricultural and Horticultural
Society, certain premises by deed, containing the following condi-
tions: First. That the grantee should not, at any time, sell any
separate part of said land. Second. That the grantee should not
sell said land without first having offered the same for sale to the
grantor, his heirs or assigns, at the same price that any other person
or persons might be willing to pay for the whole; and, third. That
the grantee should make and maintain, and at all times keep in
good order, a good and sufficient fence around the whole of said

premises.   In January, 1868, the grantee executed to the grantor a
mortgage on the whole of said premises to secure the payment of
the sum of $1,100 in one year, with semi-annual interest.  The
mortgage contained a power of sale of the entire premises, and did
not contain any of the conditions expressed in said deed.   The
mortgage was transferred by mesne assignments from Dunning to
the plaintiff, and this action is brought to foreclose the same, default
having been made in the condition thereof, whereby the power of
sale contained therein has become operative.   The Southern Cen-
tral Railroad Company is made a party defendant by reason of the
fact that it occupies with its track a portion of said premises.   It
occupies under a lease or license granted to it by the agricultural
society, after the portion so occupied had been condemned to the
use of the said railroad company in proceedings instituted for that
purpose by the railroad company, in which the grantor, Dunning,
participated so far as to petition for a change of route to the one
now occupied by the company.   The grantor, Dunning, died in
1871, leaving a will, and the defendants, Dunning, are his heirs and
devisees.

The referee held that the action of the grantor in respect to the
proceedings which resulted in the acquisition by the railroad com-
pany of a portion of said premises for the uses of its road, excused
the performance by the grantee of the first and third conditions
expressed in said deed, and by way of enforcing the second condi-
tion, he directed that upon a sale of the premises under the decree
ordered by him herein, an opportunity be offered to the heirs of
said grantor to take any part of the premises put up for sale, at the
highest bid made for the same.

The conditions in the deed are conditions subsequent.   A condi-
tion of that nature may be excused when its performance becomes
impossible by the act of the party for whose benefit it is created, or
it may be waived by the one who has a right to enforce it.   In the
former case, the condition is discharged altogether and the estate
made absolute ; in the latter, the estate is relieved from the conse-
quence of a breach thereof.   (2 Wash. on Real Prop., 15, § 18.)

In the present case, if the grantor, in his lifetime, had foreclosed
the mortgage, he, or any other person purchasing the premises at
the foreclosure sale, would have taken the entire estate freed from

the conditions in the deed. If the grantor had purchased, he would have been restored to his original estate and the conditions would have been merged; if any other person had become the purchaser, such person would have been vested with all the title which the mortgagor and mortgagee could convey, to wit, an unconditional fee simple. (Code of Civ. Pro., § 1632.) The result of a foreclosure by an assignee of the grantor and mortgagee, is precisely the same. By the assignment of the mortgage the mortgagee transferred all the rights and equities possessed by him as incidents to the mortgage. In other words, the acceptance by him of the mortgage, and his assignment of the same to a purchaser for value, were a waiver of performance of the conditions expressed in the deed, in case of default in the condition of the mortgage, and the consequent exercise of the power of sale therein contained. For these reasons we are of the opinion that the appellants have no rights or interests by virtue of the conditions in the deed, superior to the lien of the plaintiff's mortgage.

Without expressing an opinion respecting the grounds taken by the referee, we are of the opinion that his conclusions are right, except in directing that upon the sale under the decree the appellants should be afforded an opportunity to purchase, on paying the highest sum bid, which direction was made upon the assumption that the second condition in the deed is yet in force and is superior to the lien of the mortgage. But as the respondents, who alone are prejudiced by that ruling, have not appealed, we are not asked to reverse it.

The decree is therefore affirmed as it stands, with costs to the respondents, to be paid by the appellants.

HARDIN, J., concurred; BARKER, J., not participating in the decision.

So ordered.